IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEMARCUS ROGERS,                                        3:15-cv-02122-PK

         Plaintiff,                                    FINDINGS AND
                                    RECOMMENDATION

   v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

         Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Demarcus Rogers ("Rogers") seeks judicial review of the Commissioner of

Social Security's final decision denying his application for Supplemental Security Income

("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction

pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). I have considered all of the parties' briefs and all

of the evidence in the administrative record. For the reasons set forth below, the

Commissioner's final decision should be REVERSED and REMANDED for the immediate payment of benefits.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. § 416.920(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. § 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(c). The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); *see also Bowen*, 482

U.S. at 141.   If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled.  *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.920(c).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d).  If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled.  *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record.  *See* 20 C.F.R. § 416.920(e).  The RFC is an estimate of the claimant's capacity to perform sustained, work-related, physical and mental activities on a regular and continuing basis, despite the limitations imposed by the claimant's impairments.  *See* 20 C.F.R. § 416.945(a); *see also* SSR 96-8p, 1996 WL 374184.

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work.  *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(a)(4)(iv).  If, in light of the claimant's RFC, the ALJ determines that the claimant can still perform his or her past relevant work, the claimant will be found not disabled.  *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f).  In the event the claimant is

3 – FINDINGS AND RECOMMENDATION

no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof is, for the first time, on the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether the claimant can perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets its burden to demonstrate that the claimant is capable of performing jobs existing in significant numbers in the national economy, the claimant is conclusively found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits if the Commissioner fails to meet its burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g).

## LEGAL STANDARD

A reviewing Court must affirm an Administrative Law Judge's decision if the ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* at 1035. The Court may not substitute its judgment for that of the Commissioner. *See id.*, *citing Robbins*, 466 F.3d

4 – FINDINGS AND RECOMMENDATION

at 882; *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the ALJ's

interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible

[of] more than one rational interpretation."  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

1989).

## BACKGROUND

Born in January, 1984, Rogers was 26 years old on the date of his application for

benefits.  Tr. 176.[1]  He dropped out of high school after completing the 10th grade and did not

earn his GED.  Tr. 181.  Rogers's work history is sparse.  *Id.*

Rogers filed for SSI on August 13, 2010, alleging disability as of December 31, 2009.

Tr. 20.  After his application was denied initially and on reconsideration, Rogers requested a

hearing before an ALJ but failed to appear and testify at the September 25, 2012 hearing.  Tr. 33-

45.  Attorney representative Justin Keppinger appeared at the hearing on Rogers' behalf.  *Id.*  On

October 15, 2012, the ALJ issued a decision finding Rogers not disabled.  Tr. 71-79.  The

Appeals Council granted Rogers's request for review and remanded the case to the ALJ to

determine whether Rogers constructively waived his right to appear for a hearing.  Tr. 84-85.

On remand, the ALJ found that Rogers constructively waived his right to a hearing

because the attorney representative was unable to locate Rogers at the time of the hearing; the

Notice of Hearing was mailed to Rogers's last known address; and the contact procedures

required by 20 C.F.R. 416.1438 were followed.  Tr. 20-21.  The ALJ proceeded to follow the

five-step sequential evaluation process and concluded that Rogers was not disabled.  The

Appeals Council denied Rogers's subsequent request for review, making the ALJ's decision the

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative
record filed herein as Docket No. 8.

5 – FINDINGS AND RECOMMENDATION

final decision of the Commissioner. Tr. 1-4; *see* 20 C.F.R. § 422.210(a); *see also, e.g., Sims v. Apfel*, 530 U.S. 103, 107 (2000). This appeal followed.

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the ALJ found that Rogers had not engaged in substantial gainful activity since his alleged onset date. Tr. 23. At the second step, the ALJ found that Rogers had the severe impairments of depressive disorder, borderline intellectual functioning, and anxiety disorder. *Id.* Because Rogers's impairments were deemed severe, the ALJ properly proceeded to the third step of the analysis. *Id.*

At the third step, the ALJ found that none of Rogers's impairments met or equaled any of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1. Tr. 23. In making this finding, the ALJ considered the criteria of Listings 12.02, 12.04, and 12.06, but did not consider Listing 12.05. *Id.* The ALJ then conducted an assessment of Rogers's RFC and found that he could perform a full range of work at all exertional levels with the following limitations: he can perform simple, routine, and repetitive tasks, not in a fast-paced production situation, with only minimal contact with the public, and would need monitoring or supervision on a periodic basis (approximately every two hours), including reminders about tasks. Tr. 24-25.

At the fourth step of the five-step process, the ALJ found that Rogers was not capable of performing any of his past relevant work. Tr. 27. At step five, the ALJ found that Rogers could perform jobs that exist in significant numbers in the national economy, including hall cleaner and bench worker. Tr. 28. The ALJ therefore concluded that Rogers was not disabled. Tr. 28-29.

## ANALYSIS

The parties agree that the Commissioner erred because he failed to consider Listing 12.05C at step three of the sequential evaluation. The parties' only disagreement is whether the

6 – FINDINGS AND RECOMMENDATION

appropriate remedy for the ALJ's error is a remand for further proceedings, or for the immediate payment of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871 876 (9th Cir. 2003) (citing *Bunnell*, 947 F.2d at 348 (en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, the ALJ did not erroneously discredit evidence, but rather failed to consider whether Rogers presented evidence sufficient to meet the criteria under Listing 12.05C. To

7 – FINDINGS AND RECOMMENDATION

qualify as disabled under Listing 12.05C, a claimant must demonstrate (1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid verbal, performance, or full scale IQ of 60 through 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function.

Rogers has met these criteria. First, Rogers demonstrated subaverage intellectual functioning of early onset. For example, Rogers was unable to finish high school due to his learning problems. Tr. 26, 216, 220. Rogers also attempted to earn his GED but had difficulty with the study materials, and has not been able to hold a job for more than a few months, prior to age 22. *See id.* Second, Rogers presented evidence that his full scale IQ score was assessed at 69 on February 8, 2011. Tr. 222. Third, the ALJ found that, in addition to borderline intellectual functioning, Rogers suffered from the severe mental impairments of anxiety and depressive disorders, causing significant work-related limitations. Tr. 23-25. Because Rogers has satisfied the elements of Listing 12.05C, the court finds that no further proceedings are necessary to support a finding of disability. Remand for immediate payment of benefits is appropriate.

## RECOMMENDATION

The ALJ's decision finding Rogers not disabled is not supported by substantial evidence in the record and should therefore be reversed and remanded for the immediate payment of benefits.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Recommendation. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED this ___9th___ day of December, 2016.

Honorable Paul Papak
United States Magistrate Judge

9 – FINDINGS AND RECOMMENDATION